IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY CO.**
**ONE STATE FARM PLAZA**
**BLOOMINGTON, IL  61710,**
        **Plaintiff,**

   v.

**MIDEA AMERICA CORPORATION**
**300 KIMBLE DRIVE**
**PARSIPPANY, NJ  07054,**
        **Defendant.**

**CIVIL ACTION NO.:**

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Midea America Corporation ("Defendant"), complaining against it as follows:

### PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to Marcell Salmond ("subrogor") in connection with his residential property at 1716 Loney Street (1st Floor) in Philadelphia, Pennsylvania ("subject property").

4. As a result of claims made on said policy in connection with the incident described herein, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted in this action.

5. Upon information and belief, Defendant is a New Jersey corporation with its principal place of business at the above-captioned address.

6. Upon further information and belief, Defendant was at all relevant times in the business of (*inter alia*) designing, manufacturing, selling, distributing, marketing, delivering, installing, and otherwise placing into the stream of commerce consumer appliances, including the dehumidifier at issue in this case ("the product").

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(b) in that the events giving rise to these claims occurred in this district.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

10. Prior to April 10, 2022, subrogor purchased the product for use at the subject property; the product had been designed, manufactured, assembled, distributed, marketed, sold and/or otherwise placed into the stream of commerce by Defendant.

11. On or about April 10, 2022, the product malfunctioned and failed catastrophically; this resulted in a fire that caused substantial damage to subrogors and the subject property.

12. As a direct and proximate result of Defendant's unlawful acts and/or omissions as described below, subrogor sustained the damages described herein in an amount in excess of $150,000.00.

### COUNT I – NEGLIGENCE

13. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

14. Subrogor's damages were the direct and proximate result of the negligence of Defendant – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a. failing to exercise reasonable care by …

        i. failing to manufacture, assemble, sell, design, transport, distribute, install, and/or market a properly functioning product;
        ii. failing to properly inspect, assemble, install, and/or test the product and/or its component parts;
        iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;
        iv. failing to provide safe and adequate use and/or installation warnings or instructions with the product; and/or
        v. designing, manufacturing, marketing, distributing, installing, assembling, and/or selling the product when Defendant knew or should have known that it and/or its component parts would be inadequate for the reasons for which purchased.

    b. failing to adequately instruct, supervise, and/or train servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks described in subparagraph (a)(i.–v.);

    c.    failing to adequately warn subrogor and others of the dangers and hazardous conditions resulting from the (mis)conduct described in subparagraph (a)(i.–v.) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a)(i.–v.) above;

    e.    failing to properly monitor the work of all agents, subcontractors, and/or employees during the performance of the tasks described in subparagraph (a)(i.–v.) above to ensure compliance with applicable safety procedures;

    f.    failing to retain competent, qualified and/or able subcontractors, agents, employees, and/or servants to perform the tasks described in subparagraph (a)(i.–v.) above;

    g.    failing to perform the tasks described in subparagraph (a)(i.–v.) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendant's manufacture and sale of the product.

15. As a direct and proximate result of such negligence, subrogor sustained and incurred damages, as well as the imposition of additional expenses and hardships, in an amount in excess of $150,000.00.

16. As described herein, Plaintiff became subrogated to certain of subrogor's rights of recovery for said damages/expenses/hardships, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $150,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABILITY

17. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

18. Defendant is engaged, and at all relevant times was engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing, delivering, installing, marketing, and/or otherwise placing into the stream of commerce, *inter alia*, products such as the product.

19. Defendant designed, manufactured, marketed, distributed, tested, sold, and/or otherwise placed into the stream of commerce the product in a defective condition, unreasonably dangerous to consumers and others.

20. Defendant knew or should have known that the product would, and did, reach a consumer such as subrogor without substantial change in the condition in which originally designed, manufactured, assembled, distributed, installed and sold.

21. The aforementioned defects consisted of:
    (a) design defects;
    (b) manufacturing defects;
    (c) component defects;
    (d) use- and/or installation-instruction and/or warnings defects; and/or
    (e) a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe-use and safe-installation instructions.

22. As a direct and proximate result of such defects, subrogor sustained and incurred damage to his property, as well as the imposition of additional expenses and harms, in an amount in excess of $150,000.00.

23. For these reasons, Defendant is strictly liable to subrogor – and, ultimately, to Plaintiff – for the damages described herein pursuant to Section 402A of the Restatement (2d) of Torts, as well as the applicable statutory and case law of Pennsylvania.

24. As described herein, Plaintiff became subrogated to certain of subrogor's rights of recovery for said damages/harms, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $150,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – BREACH OF WARRANTY

25. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

26. At the time of distributing, installing and/or selling the product, Defendant had reason to know the particular purpose for which it would be used, and knew that its skill and judgment was being relied upon to furnish a suitable product.

27. Thus, Defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code ("UCC"), as well as 13 Pa.C.S.A. §2-315, in that the product was not fit for the particular purpose for which such products are required.

28. In addition, Defendant breached the implied warranty of merchantability as set out in the UCC and 13 Pa.C.S.A. §2-314(c) in that the product was not fit for the ordinary uses for which such products are used.

29. In addition, Defendant breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of the UCC and 13 Pa.C.S.A. §2-313.

30. Subrogor's damages occurred as a direct and proximate result of Defendant's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in the UCC and 13 Pa.C.S.A. §2-315 and §2-314(c) as a result of Defendant's breach of its expressed warranties in violation of the UCC and 13 Pa.C.S.A. §2-313.

31. As described herein, Plaintiff became subrogated to certain of subrogor's rights of recovery for said damages/harms, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $150,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

        **de LUCA LEVINE LLC**

BY: */s/ Daniel J. de Luca*
     DANIEL J. de LUCA,
     ATTORNEYS FOR PLAINTIFF
     PA ATTORNEY I.D. NO.: 74727
     301 E. Germantown Pike, 3rd Floor
     East Norriton, PA 19401
     (215) 383-0081 (Phone)
     (215) 383-0082 (Fax)
     ddeluca@delucalevine.com

**Dated:** February 13, 2023